Defendant-appellant, Victor C. Brooks, appeals from the Lorain County Court of Common Pleas' denial of his petition for postconviction relief and motion to withdraw a guilty plea. We affirm.
On December 12, 1995, a Lorain County Grand Jury indicted Defendant for two counts of Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1); three counts of Aggravated Trafficking in Drugs in violation of R.C. 2925.1103(A)(5); one count of Drug Abuse in violation of R.C. 2925.11(A); one count of Tampering with Evidence in violation of R.C. 2921.12(A)(1); one count of Escape in violation of R.C. 2921.34(A); three counts of Permitting Drug Abuse in violation of R.C. 2925.13(A); one count of Possession Possessingof Criminal Tools in violation of R.C.2923.24(A); one count of Permitting Drug Abuse in violation of R.C. 2925.13(B); and one count of Aggravated Trafficking in drugs in violation of R.C. 2925.03(A)(4). On May 2, 1996, Defendant pleaded guilty to all the counts in the indictment and signed a waiver of his rights, including his right to a jury trial. This waiver also indicated that Defendant understood the nature of his plea. The trial court sentenced Defendant by judgment entry dated May 3, 1996. This judgment entry was amended nunc pro tunc on May 17, 1996. No direct appeal was taken from this judgment.[1] On April 16, 1998, Defendant filed a petitionfor postconviction relief and, in the alternative, a motion towithdraw a guilty plea "petition to vacate or set aside sentence or conviction * * *, or in the alternative, motion to withdraw guilty plea" based upon ineffective assistance of counsel. The trial court denied the petition and motion on May 1, 1998.
Defendant timely appealed and has raised three assignments of error.
 ASSIGNMENT OF ERROR I The trial court erred in granting the State's motion for summary judgment, that is, the state's failure to comply with Civil Rule 56, and there exists a genuine issue of material fact and [a] constitutional issue exist[s].
Defendant argues that the trial court erred in granting summary judgment in favor of the State. Because the record fails to indicate that the trial court entered summary judgment in favor of the state or that the State moved for summary judgment, his assignment of error is overruled.
 ASSIGNMENT OF ERROR II The trial court erred in not holding a[n] evidentiary hearing.
 ASSIGNMENT OF ERROR III The trial court erred in dismissing the petition on its merits, that is, fact and law requires granting relief in the particular case.
Because Defendant's second and third assignments relate to whether Defendant presented substantive grounds for postconviction relief to entitle him to a hearing and to relief, we will discuss them together. Although the trial court denied Defendant's petition based upon res judicata, we find that Defendant's petition should have been denied as untimely filed.
Defendant's motion is styled in the alternative as a petition for postconviction relief and motion to withdraw guilty plea. Because the motion is based upon alleged violations of his constitutional rights, it is most properly considered as a petition for postconviction relief. See State v. Reynolds (1997),79 Ohio St.3d 158, syllabus; State v. Deitz (June 2, 1999), Lorain App. No. 98CA007228, unreported, at 2.
R.C. 2953.21(A)(2) provides in part:
 A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If not appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
Defendant was sentenced on May 3, 1996, and his sentence was amended on May 17, 1996 by a nunc pro tunc order. Factoring in the thirty days for filing a notice of appeal from the date of the amended sentencing entry, Defendant's petition for postconviction relief needed to be filed by December 13, 1996, in order to be timely filed. Because Defendant filed his petition on April 16, 1998, the petition was not timely filed.
R.C. 2953.23 governs untimely filed petitions for postconviction relief. Under the statute, a trial court is forbidden to entertain an untimely filed petition for postconviction relief unless it meets certain conditions: (1) the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies upon in the petition, or that the United States Supreme Court has, since the expiration of the period for timely filing, recognized a new federal or state right that applies retroactively to the petitioner; and (2) the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial. See R.C. 2953.23(A). See State v.Alvarez (Apr. 2, 1997), Lorain App. No. 96CA006595, unreported, at 4, appeal not allowed (1997), 79 Ohio St.3d 1482.
A review of Defendant's petition reveals that he argued that his counsel was ineffective for not informing the court about the quantity of drugs that he was possessing and was trafficking.According to Defendant, these amounts were less than the amountsrequired for the charges that he pleaded guilty to. Nonetheless, Defendant failed to address (1) whether he was unavoidably prevented from discovering these facts, or (2) whether a new federal or state right had been recognized by the United States Supreme Court. See. R.C. 2953.23(A)(1)(a). Because Defendant's untimely petition did not meet even the first requirement under R.C. 2953.23(A)(1), the trial court was not permitted to entertain it. Accordingly, the trial court did not err by denying Defendant's petition for postconviction relief. Defendant's second and third assignments of error are overruled.
All three of Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT
CARR, J.
WHITMORE, J.
CONCUR
[1] Defendant did not file a notice of appeal within the timeline provided by App.R. 3(a). On August 27, 1998, Defendant moved this court for leave to file a delayed appeal. Defendant's motion was denied by journal entry dated September 8, 1998.